**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON BROWN, | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| FRESHPET, INC., | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Aaron Brown (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against FreshPet, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Shawnee, PA.

3. Upon information and belief, Defendant FreshPet, Inc. is pet food manufacturer with a location and corporate headquarters at 176 N Commerce Way, Bethlehem, PA 18017.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's

employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the

Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on April 14, 2025, alleging race discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-05307 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated May 8, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is African American.

21. On or around September 12, 2023, Defendant hired Plaintiff in the position of Maintenance Technician.

22. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF'S MANAGER SUBJECTED PLAINTIFF TO REPEATED RACIALLY DISCRIMINATORY COMMENTS AND RACIAL SLURS

23. Throughout his employment with Defendant, Johnny Villamil (Hispanic), Manager, frequently made racially discriminatory comments, including but not limited to, "black people don't work" and "black people are lazy", or words to that effect.

24. Villamil also frequently used the n-word when referring to Plaintiff.

25. Villamil made these comments on a weekly basis.

## VILLAMIL SENT PLAINTIFF A TEXT MESSAGE ADMITTING THAT HE WAS RACIST AND USING THE N-WORD

26. On or about November 28, 2023, Villamil sent Plaintiff a text message stating, "Cause at the end of the day, this minority is there racist "BOSS" so they are no better than you or me…I hate white dumb ass niggers…..niggles…..Hang in there, I'm working on getting rid of them."

27. Plaintiff was offended by Villamil's text message, but did not initially report it because he feared retaliation.

## PLAINTIFF COMPLAINED ABOUT VILLAMIL'S RACIALLY DISCRIMINATORY CONDUCT, BUT HIS COMPLAINT WAS NOT PROPERLY ADDRESSED

28. Plaintiff complained to Lighthouse, Defendant's Ethics Hotline, about the race discrimination in or around the beginning of 2024.

29. However, Lighthouse did not follow up with Plaintiff in response to his complaint of race discrimination.

### VILLAMIL WAS AWARE OF PLAINTIFF'S COMPLAINT

30. Shortly after making his complaint, Villamil stated in front of Plaintiff and his coworkers that "someone [was] ratting", or words to that effect.

### VILLAMIL HELD PLAINTIFF BACK FROM PAID TRAININGS, BUT PROVIDED IT TO HISPANIC EMPLOYEES WITH LESS TENURE THAN PLAINTIFF

31. Villamil also held Plaintiff back from paid trainings at Defendant due to Plaintiff's race.

32. Villamil selected Hernan Benavides (Hispanic) and Jeffrey Last Name Unknown ("LNU") (Hispanic), Maintenance Technicians, over Plaintiff.

33. However, Benavides and Jeffrey had less tenure than Plaintiff.

34. Upon information and belief, these trainings would help with promotional opportunities.

### VILLAMIL ISSUED PLAINTIFF MULTIPLE WRITE UPS BASED ON FALSE ALLEGATIONS

35. Villamil also issued Plaintiff at least three (3) write ups based on false and fabricated allegations about Plaintiff's work ethic and performance.

36. Villamil wrote down alleged witnesses to these write ups that did not even work alongside Plaintiff.

### PLAINTIFF REPORTED VILLAMIL'S RACE DISCRIMINATION, BUT HIS COMPLAINT WAS NOT PROPERLY ADDRESSED

37. In or around July 2024, Plaintiff reported Villamil's race discrimination to Mindy Deeds, Human Resources Manager, and John O., Supervisor, via email and in person.

38. Deeds informed Plaintiff that she would look into his complaint.

39. However, Deeds did not follow up with Plaintiff about this.

### VILLAMIL RETALIATED AGAINST PLAINTIFF FOLLOWING HIS COMPLAINT

40. Thereafter, however, Villamil began to harass Plaintiff, nitpicking his work product and micromanaging him.

## PLAINTIFF WENT OUT ON A FIVE-WEEK MEDICAL LEAVE OF ABSENCE

41. In or around the end of July 2024, Plaintiff went on an approved five (5) week medical leave.

42. Upon information and belief, Villamil stated to Plaintiff's counterparts that Plaintiff would not be returning to Defendant.

43. Plaintiff was out on his leave from in or around the end of July 2024 to September 9, 2024.

## VILLAMIL APPROVED PLAINTIFF'S REQUEST TO TAKE OFF OF WORK DUE TO A FAMILY EMERGENCY

44. In or around late January 2025, Plaintiff had a family emergency.

45. Plaintiff notified Villamil that he had to leave work early that day and would likely be late the next day for his shift.

46. Villamil approved Plaintiff's request.

## VILLAMIL ISSUED PLAINTIFF AN UNWARRANTED WRITTEN DISCIPLINE IN VIOLATION OF DEFENDANT'S PROGRESSIVE DISCIPLINARY POLICY

47. However, when Plaintiff came in the next day, Villamil issued Plaintiff a written discipline.

48. Villamil stated it was for attendance, but marked "performance" on the write up paperwork.

49. Per Defendant's policies, Plaintiff should not have been issued a warning for this unless it was his fifth offense.

## PLAINTIFF WAS CONSTRUCTIVELY DISCHARGED

50. On or about February 2, 2025, Plaintiff resigned from Defendant via email, effective February 15, 2025, due to Villamil continued harassment, retaliation and race discrimination.

51. Plaintiff was constructively discharged from Defendant.

52. Upon information and belief, Defendant later terminated Villamil for his racial discrimination following Plaintiff's constructive discharge.

53. Defendant discriminated against Plaintiff due to his race and retaliated against Plaintiff due to complaints of race discrimination in violation of Title VII and the PHRA.

54. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. Plaintiff is a member of protected classes in that he is African American.

57. Plaintiff was qualified to perform the job for which he was hired.

58. Plaintiff suffered adverse job actions, including, but not limited to constructive discharge.

59. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

60. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

61. Defendant discriminated against Plaintiff on the basis of his protected class.

62. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

7

63. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

64. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISCRIMINATION BASED ON RACE
## PENNSYLVANIA HUMAN RELATIONS ACT

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (African American).

67. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

68. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

69. Plaintiff engaged in activity protected by Title VII.

70. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

71. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

8

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IV – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

72. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

73. Plaintiff engaged in activity protected by PHRA.

74. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

75. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Aaron Brown, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: August 6, 2026          By:   */s/David M. Koller*
                                    David M. Koller, Esquire
                                    Jordan D. Santo, Esquire
                                    2043 Locust Street, Suite 1B
                                    Philadelphia, PA 19103
                                    215-545-8917
                                    davidk@kollerlawfirm.com
                                    jordans@kollerlawfirm.com

                                    *Counsel for Plaintiff*